**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RAY E. HALL**<br>84 East North Ave.<br>East Palestine, Ohio 44413<br><br>and<br><br>**JUDITH E. HALL**<br>84 East North Ave.<br>East Palestine, Ohio 44413<br><br>On Behalf of Themselves and<br>All Others Similarly Situated<br><br>     Plaintiffs,<br><br>**vs.**<br><br>**NORFOLK SOUTHERN RAILWAY CO.**<br>c/o Statutory Agent<br>Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221<br><br>and<br><br>**NORFOLK SOUTHERN CORP.**<br>650 W. Peachtree Street NW<br>Atlanta, Georgia 30308<br><br>     Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br>**PLAINTIFFS CLASS ACTION COMPLAINT:<br>NEGLIGENCE, NUISANCE, TRESPASS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; STRICT LIABILITY**<br><br>**Jury Demand Endorsed Hereon** |

Now come Representative Plaintiffs, Ray E. Hall and Judith E. Hall (collectively "Representative Plaintiffs"), on behalf of themselves and all others similarly situated, and, for their Complaint against Defendants, Norfolk Southern Railway Co. and Norfolk Southern Corp. (collectively referred to as "Norfolk Southern" or "Defendants"), hereby state as follows:

1

**INTRODUCTION AND FACTUAL BACKGROUND**

1. Norfolk Southern is a national transportation company that operates one of the most extensive intermodal railroad networks in the Eastern United States and serves every major container port in the Eastern United States.

2. On or about February 3, 2022, at approximately 9:00 p.m., a train operated by Norfolk Southern and traveling from Illinois to Pennsylvania derailed in or about East Palestine, Ohio ("Train Derailment").

3. Upon information and belief, approximately one hundred (100) train cars were derailed, including approximately ten (10) to twenty (20) cars that were carrying hazardous materials, including, but not limited to, vinyl chloride, a toxic chemical which, upon exposure, can cause dizziness, difficulties with balance and walking, fatigue, numbness and tingling of the extremities, eye irritation, irritation of mucous membranes, respiratory tract irritation, and, in some cases, death.

4. Upon derailment and/or prior to such derailment, the hazardous materials, including the vinyl chloride, ignited and emitted toxic fumes into the surrounding area for several days.

5. Upon information and belief, the Train Derailment and accompanying chemical spill were caused by the negligence of Defendants in operating the subject train, defects and/or deficiencies in the Norfolk Southern railway system, and/or defects and/or deficiencies in one or more of the subject train cars.

6. As a result, on or about February 3, 2022, at approximately 11:00 p.m., local authorities in the area recommended evacuation for residents and/or businesses within a mile radius of the Train Derailment, via door-to-door notification by police officers, without providing any clear parameters for why the evacuation was ensuing and for how long residents were required to evacuate the area.

7. On or about February 5, 2022, a formal mandatory evacuation of the area located within a 1-to-2-mile radius of the derailment site (the "Danger Zone") was issued by Governor Mike DeWine and Columbiana County officials.

8. On or about February 6, 2022, environmental officials executed a controlled release of the toxic chemicals, including the vinyl chloride.

9. To date, residents and businesses in the Danger Zone and surrounding areas of East Palestine, Ohio remain under evacuation and are unable to return to their homes.

10. Representative Plaintiffs and those similarly situated were adversely affected by the Train Derailment, in that they were exposed to toxic substances and fumes, including, but not limited to, vinyl chloride, were forced to evacuate their residences and/or business, and/or were prevented and have been prevented from returning to their residences and/or businesses, all of which have resulted in damages therefrom.

11. This matter is a class action on behalf of the Representative Plaintiffs and all others similarly situated who have been adversely affected by the Norfolk Southern Train Derailment occurring in or near East Palestine, Ohio on February 3, 2023.

## THE PARTIES, JURISDICTION, AND VENUE

12. Representative Plaintiff Ray Hall is an individual who resides at 84 East North Ave., East Palestine, Ohio 44413, which is located within the Danger Zone resulting from the Train Derailment.

13. Representative Plaintiff Judith Hall is an individual who resides at 84 East North Ave., East Palestine, Ohio 44413, which is located within the Danger Zone resulting from the Train Derailment.

14. As a result of the Train Derailment, the above Representative Plaintiffs were exposed to toxic fumes and forced to evacuate their residence and suffered damages therefrom.

15. Defendant, Norfolk Southern Railway Co., is a railway company organized and existing under the laws of Virginia, with its principal place of business in Norfolk, Virginia, registered to conduct business in the State of Ohio.

16. Upon information and belief, Norfolk Southern Railway Co. is a wholly owned subsidiary of Defendant Norfolk Southern Corporation.

17. Defendant, Norfolk Southern Corporation, is a corporation organized and existing under the laws of Virginia, with its principal place of business in Atlanta, Georgia.

18. Personal Jurisdiction over Defendant is proper in accordance with Federal Rule of Civil Procedure 4(k)(1)(A) since Defendants minimum contacts with the State of Ohio would subject Defendants to jurisdiction of a court of general jurisdiction in the state where the district court is located, which is Ohio.

19. Venue is proper in this District in accordance with 28 U.S.C. 1391 in that the Train Derailment occurred in the Northern District of Ohio, the Representative Plaintiffs and most and/or all of the member of the Putative Class reside in the Northern District of Ohio, a substantial part of the acts or omission giving rise to the claims occurred in the Northern District of Ohio, and damages and injuries resulting to the Representative Plaintiffs and members of the Putative Class occurred in the Northern District of Ohio.

20. Subject matter jurisdiction is proper in accordance with 28 U.S.C. 1332(d)(2) in that this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests and costs. Further, there is diversity of citizenship between the Representative Plaintiffs and Defendants.

Plakas Mannos
Attorneys and Counselors at Law ♦ Canton and Akron, Ohio

## **CLASS ACTION ALLEGATIONS**

21. Pursuant to Federal Rule of Civil Procedure 23, the Representative Plaintiffs bring this action on behalf of themselves and all others similarly situated, representing a Putative Class defined as follows:

   a. All individuals who, on or about February 3, 2023, owned, rented, and/or resided within the real property subject to the evacuation order in East Palestine, Ohio and/or in the surrounding areas, otherwise referred to as the Danger Zone;

   b. All businesses and/or business owners who operated and/or owned a business located in the Danger Zone on February 3, 2023; and

   c. All persons who suffered physical injuries as a result of the release of toxic substances, a subclass for which the Representative Plaintiffs seek certification under Rule 23(c)(4).

22. Pursuant to the requirements set forth in Federal Rule of Civil Procedure 23, this action satisfies the requirements of commonality, typicality, numerosity, and adequacy for a class certification.

23. The Putative Class is so numerous that the individual joinder of all its members would be unreasonable and impracticable. The exact number and identification of the Putative Class members is currently unknown to the Representative Plaintiffs. However, upon information and belief, the Putative Class includes more than a thousand individuals and/or businesses.

24. Common questions of fact and law exist as to the Representative Plaintiffs and all members of the Putative Class and predominate over any questions affecting only individual Putative Class members. These common questions include, but are not limited to, the following:

   a. Whether Defendants breached their duty of care owed to Representative Plaintiffs and members of the Putative Class;

5

b. Whether Defendants actions constituted an unreasonable interference with the Representative Plaintiffs' and members of the Putative Class' use and enjoyment of their property;

c. Whether Defendants actions caused an invasion of Representative Plaintiffs' and members of the Putative Class' property resulting in a trespass;

d. Whether Defendants' actions caused severe emotional distress in the Representative Plaintiffs and members of the Putative Class;

e. Whether Defendants actions caused injury to the Representative Plaintiffs and the members of the Putative Class;

f. Whether Defendants' actions in engaging in an ultra-hazardous and/or abnormally dangerous activity render them strictly liable for resulting damages; and

g. Whether Defendants' acted in conscious disregard for the rights and safety of others.

25. The claims of the Representative Plaintiffs are typical of the claims of the other members of the Putative Class in that they owned, rented, and/or occupied real property in the Danger Zone and/or surrounding areas of East Palestine, Ohio and were required to evacuate their homes, giving rise to damages therefrom.

26. The Representative Plaintiffs will fairly and adequately protect the interests of the Putative Class and maintain identical interests to those of the members of the Putative Class.

27. Counsel for the Representative Plaintiffs is qualified and experienced in class actions and personal injury and/or property damage litigation claims as detailed herein.

28. A class action is superior to other available methods for the fair and efficient adjudication of this matter. If individual members of the Putative Class were required to pursue claims through

6

individual suits, the potential for recovery would be outweighed by the high cost of discovery, investigation, legal fees, and issues relating to the liability of Defendants.

## COUNT ONE – NEGLIGENCE
## (AS TO ALL DEFENDANTS)

29. Representative Plaintiffs reallege the preceding paragraphs of this Complaint as if fully restated and incorporate the same herein.

30. At all times relevant herein, Defendants were under a duty to act with reasonable care so as not to cause injury or damage to residents, property owners, and businesses in the Danger Zone and/or otherwise in the surrounding area of the Train Derailment.

31. At all times relevant herein, Defendants knew or should have known that failure to operate, maintain, inspect, and repair its locomotives, rail cars, and railroad tracks in a proper manner could lead to a breach of this duty and result in the damage that the residents, property owners, and businesses in the Danger Zone and/or otherwise in the surrounding area of the Train Derailment have suffered.

32. In breach of their duty, Defendants, among other things:

   a. Failed to utilize adequate safety measures and/or precautions in the transportation of hazardous and/or toxic materials;

   b. Failed to provide adequate training and/or instruction to its employees and/or agents regarding the operation of a train and transportation of hazardous and/or toxic materials, such as in the subject Train Derailment incident;

   c. Failed to hire and/or retain competent employees and/or agents who are skilled in the operation of a train and transportation of hazardous and/or toxic materials, such as in the subject Train Derailment incident;

7

d. Failed to adequately supervise its employees and/or agents in the operation of a train and transportation of hazardous and/or toxic materials, such as in the subject Train Derailment incident;

e. Failed to properly maintain and inspect its railway tracks;

f. Failed to properly maintain and inspect its trains and/or train cars and ensure that they were fit for their intended purpose;

g. Failed to reasonably warn the general public of the hazard imposed by the Train Derailment;

h. Allowed to exist a hazardous situation consisting of potentially damaged and/or faulty equipment;

i. Failed to discover and/or repair any damage and/or defects in the train, train cars, and/or railway tracks;

j. Acted in a careless and negligent manner without due regard for the safety of others;

k. Failed to timely evacuate and/or warn residents and/or businesses in the area;

l. Failed to timely bring the release of the hazardous and/or dangerous chemical under control; and

m. Such other acts of negligence as will be shown at trial of this matter.

33. As a direct and proximate result of Defendants' negligence, the Representative Plaintiffs and/or all other members of the Putative Class sustained injury and damage to property and person, including, but not limited to, evacuation from their homes and costs sustained therefrom, exposure to toxic chemicals and fumes, bodily injury, severe emotional distress, and anxiety.

34. In addition, the Defendants' actions were undertaken in violation of law and in a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm thereby subjecting the Defendants to liability for punitive damages.

### COUNT TWO – NUISANCE
### (AS TO ALL DEFENDANTS)

35. Representative Plaintiffs reallege the preceding paragraphs of this Complaint as if fully restated and incorporate the same herein.

36. Each of the Representative Plaintiffs and/or Putative Class members owns, rents, and/or otherwise occupies real property located in the Danger Zone and/or in the surrounding affected areas in or near East Palestine, Ohio.

37. The Defendants' negligence, as more fully alleged herein, created a substantial and unreasonable interference with the Representative Plaintiffs' and all members of the Putative Class' use and/or enjoyment of their property and further posed a substantial and unreasonable threat to their health and safety. Such a substantial and unreasonable interference constitutes a private nuisance.

38. As a direct and proximate result of Defendants' creation of the nuisance, the Representative Plaintiff and/or all other members of the Putative Class sustained injury and damage, including, but not limited to, evacuation from their homes and costs sustained therefrom, exposure to toxic chemicals and fumes, bodily injury, severe emotional distress, and anxiety.

39. In addition, the Defendants' actions were undertaken in violation of law and in a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm thereby subjecting the Defendants to liability for punitive damages.

## COUNT THREE – TRESPASS
### (AS TO ALL DEFENDANTS)

40. Representative Plaintiffs reallege the preceding paragraphs of this Complaint as if fully restated and incorporate the same herein.

41. Defendants' conduct, as more fully detailed herein, caused or permitted hazardous chemicals, noxious fumes, odors, and toxic substances to invade the real property owned, rented, and/or occupied by the Representative Plaintiffs and other members of the Putative Class. Each of these invasions constituted a trespass.

42. Representative Plaintiffs and members of the Putative Class have never authorized invasions of their real property by hazardous chemicals, noxious fumes, odors, and toxic substances.

43. As a direct and proximate result of the Defendants' trespass, the premises and persons of the Representative Plaintiffs and/or Putative Class have sustained injury and damage, including, but not limited to, evacuation from their homes and costs sustained therefrom, exposure to toxic chemicals and fumes, bodily injury, emotional distress, and anxiety.

44. In addition, the Defendants' actions were undertaken in violation of law and in a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm thereby subjecting the Defendants to liability for punitive damages.

## COUNT FOUR – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AS TO ALL DEFENDANTS)

45. Representative Plaintiffs reallege the preceding paragraphs of this Complaint as if fully restated and incorporate the same herein.

46. At all times herein, Defendants' negligent and/or outrageous conduct constituted an unlawful interference with personal and property rights of the Representative Plaintiffs and members of the Putative Class.

47. As a direct and proximate result of Defendants' conduct, as alleged herein, Representative Plaintiffs and members of the Putative Class have suffered severe emotional distress, the effect of which continues until the present and will persist into the future, including, but not limited to, fear of adverse health effects and/or death, nervousness about their personal safety and that of their families, and anxiety over damage to their property and evacuation from their homes.

48. As a result, the serious emotional distress caused foreseeable injury to the Representative Plaintiffs and members of the Putative Class.

49. In addition, the Defendants' actions were undertaken in violation of law and in a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm thereby subjecting the Defendants to liability for punitive damages.

### COUNT FIVE – STRICT LIABILITY
### (AS TO ALL DEFENDANTS)

50. Representative Plaintiffs reallege the preceding paragraphs of this Complaint as if fully restated and incorporate the same herein.

51. At all times herein, Defendants were engaged in an ultra-hazardous and/or abnormally dangerous activity, namely, the handling and transportation of highly volatile chemical substances for industrial and commercial purposes, including, but not limited to, vinyl chloride.

52. In carrying out such an ultra-hazardous and/or abnormally dangerous activity, Defendants acted in violation of federal, state, and/or local laws and/or regulations rendering it strictly liable for any resulting damages.

53. As a direct and proximate result of the acts and omissions of Defendants and/or negligence of Defendants, as described herein, Representative Plaintiffs and members of the Putative Class have

11

suffered damages, including, but not limited to, evacuation from their homes and costs sustained therefrom, exposure to toxic chemicals and fumes, emotional distress, and anxiety.

54. Such damages are of the type of harm that is contemplated in determining that the handling and transportation of toxic chemicals, such as vinyl chloride, is an ultra-hazardous and/or abnormally dangerous activity.

55. In addition, the Defendants' actions were undertaken in violation of law and in a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm thereby subjecting the Defendants to liability for punitive damages.

**WHEREFORE,** Representative Plaintiffs, on behalf of themselves and all other members of the Putative Class, pray for judgment against Defendants, jointly and severally, as follows:

1. For an Order certifying this action and/or common issues raised herein as a Class Action under the applicable provisions of the Federal Rules of Civil Procedure 23(a), 23(b), and 23(c), designating Class Representatives, and appointing the undersigned to serve as Class counsel;

2. For notice of Class certification and of any relief to be disseminated to all Class Members and for such further notices as this Court deems appropriate under Federal Rule of Civil Procedure 23(d)(2);

3. For an award of compensatory damages in an amount to be determined at trial for all injuries and damages as described herein;

4. For an award of punitive damages in an amount to be determined at trial;

5. For an award of attorney fees, costs, and pre-judgment and post-judgment interest.

6. Because the Vinyl Chloride that was released following the derailment and resulting fire is a known carcinogen that has been linked to an increased likelihood of contracting liver and other cancers, for an Order requiring Defendants, at their cost, to provide Plaintiffs and all Class Members with medical

monitoring whereby they will be regularly followed, assessed, and monitored by health care providers; and

    7.    Such further relief as this Honorable Court deems equitable proper and just.

DATED: February 8, 2023                  Respectfully submitted,

**PLAKAS | MANNOS**

/s/ Gary A. Corroto
Gary A. Corroto (0055270)
Lee E. Plakas (0008628)
Kristen S. Moore (0084050)
200 Market Avenue North
Suite 300
Canton, Ohio 44702
T: (330) 455-6112
F: (330) 455-2108
E: gcorroto@lawlion.com
E: lplakas@lawlion.com
E: kmoore@lawlion.com

*Counsel for Plaintiffs*

## JURY DEMAND

Representative Plaintiffs hereby demand a trial by jury.

/s/ Gary A. Corroto
Gary A. Corroto

*Counsel for Plaintiffs*